# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:03cr148 |
| | § | (Judge Brown) |
| MICHAEL JOHN LLORENTE | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 10, 2005 to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Joe Monsivais.

On January 17, 1997, Defendant was sentenced by the Honorable John McBryde to 84 months custody followed by a five-year term of supervised release for the offense of Possession with Intent to Distribute and Distribution of a Controlled Substance, Cocaine Base, and Aiding and Abetting. On February 6, 2003, Defendant completed his period of imprisonment and began service of his supervised term.

On January 3, 2004, the U.S. Probation Officer filed a Petition for Warrant for Offender Under Supervision. The Government alleges that Defendant violated the following conditions: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall notify the U.S. Probation Officer at least 10 days prior to any change of residence; (3) Defendant shall refrain from excessive use of alcohol and

shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (4) Defendant shall refrain from any unlawful use of a controlled substance; and (5) Defendant shall participate in a program approved by the U.S. Probation Officer for treatment of narcotic addiction or drug addiction or alcohol dependency which will include testing for the detection of substance use or abuse.

The Government alleges that Defendant committed the following acts:  (1) On December 10, 2003, Defendant was arrested by the Smith County Sheriff's Office in Tyler, Texas and charged with Possession of a Controlled Substance; (2) Defendant failed to notify the U.S. Probation Office of his change of address after moving from 3012 Yorkshire Court, Flower Mound, Texas 75028; (3) On April 22, 2003 and April 26, 2003, Defendant submitted urine specimens that tested positive for methamphetamine; (4) On July 24, 2003, Defendant submitted a urine specimen that tested positive for methamphetamine, cocaine, and marijuana; (5) Defendant has failed to participate in a program for the treatment of narcotic addiction, drug addiction, or alcohol dependency; and (6) On August 26, 2003, August 27, 2003, and September 2, 2003, Defendant failed to submit urine specimens as instructed.

The Government did not proceed on two violations alleged in the petition. Those violations are not listed in this Report.  Prior to the Government putting on its case, Defendant entered a plea of true to the above listed violations.  At the hearing, the Court recommended that Defendant's supervised release be revoked.

## RECOMMENDATION

The Court recommends that the District Court revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with forty-two (42) months of supervised release to follow. The Court recommends that Defendant serve the first six months of his supervised release in the Volunteer's of America Comprehensive Sanction Center, located at 2710 Avenue J, Fort Worth, Texas 76105. The Court further recommends that Defendant complete a 500-hour drug rehabilitation program while in custody. The Court finally recommends that Defendant be placed in a facility as near as possible to Flower Mound, Texas.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of March, 2005.**

3   _____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE